UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE ISRAEL SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>T. CISNEROS, Warden, et al.,<br><br>Respondents. | Case No.: 3:22-cv-1159-CAB-MDD<br><br>**ORDER: (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND**<br><br>**(2) NOTICE REGARDING POSSIBLE DISMISSAL OF PETITION FOR FAILURE TO EXHAUST STATE COURT REMEDIES** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. ECF Nos. 1 & 2.

**MOTION TO PROCEED IN FORMA PAUPERIS**

Petitioner has insufficient on account at the California correctional institution in which he is presently confined to pay the $5.00 filing fee. *See* ECF No. 2 at 4. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## FAILURE TO ALLEGE EXHUSTION AS TO ALL CLAIMS

The Petition, however, is subject to dismissal because it contains both exhausted and unexhausted claims. The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must be the same as that raised in the state proceedings. *See id*.

Here, Petitioner has indicated in his Petition that claims one and four have not been presented to the California Supreme Court. *See* Pet., ECF No. 1 at 6, 9. As such, Petitioner has not alleged exhaustion as to claims one and four; but has alleged exhaustion as to claims two and three. *See id.* at 6–9. Having preliminarily determined the Petition contains both exhausted unexhausted claims, the Court notifies Petitioner of the possible dismissal of his petition.

**A.   PETITIONER'S OPTIONS**

To avoid the Court dismissing the petition on its own accord, Petitioner may choose one of the following options.

**1.   First Option:  Demonstrate Exhaustion**

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims the Court has determined are likely unexhausted. If Petitioner chooses this option, his papers are due no later than **October 10, 2022**. Respondent may file a reply by **November 10, 2022**.

**2.   Second Option:  Voluntarily Dismiss the Petition**

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520–21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this second option, he must file a

pleading with this Court no later than **October 10. 2022**. Respondent may file a reply by **November 10, 2022**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d). The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *as amended* 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181–82.

### 3.    Third Option:  Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520–21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than **October 10, 2022**. Respondent may file a reply by **November 10, 2022**.

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)–(b).

/ / /

### 4. Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. *Rhines v. Webber*, 544 U.S. 269 (2005); *Jackson v. Roe*, 425 F.3d 654 (9th Cir. Sept. 23, 2005). Petitioner is notified that for the Court to grant a stay and abeyance, he must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claims, and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines*, 544 U.S. at 277–78. If Petitioner chooses this fourth option, he must file a pleading with this Court no later than **October 10, 2022**. Respondent may file a reply by **November 10, 2022**.

## CONCLUSION

For the reasons discussed above, the Court (1) **GRANTS** Petitioner's Motion to Proceed In Forma Pauperis and (2) **NOTIFIES** PETITIONER THAT HE HAS FILED A PETITION THAT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS AND IT IS THEREFORE SUBJECT TO DISMISSAL. If Petitioner fails to timely respond to this Order, the Petition be dismissed without prejudice. *See Rose*, 455 U.S. at 522.

**IT IS SO ORDERED.**

Dated: August 8, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge

4

[Case Number]