UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE ISRAEL SANCHEZ,<br><br>                                 Petitioner,<br>v.<br><br>T. CISNEROS, Warden, et al.,<br><br>                                 Respondents. | Case No.: 3:22-cv-1159-CAB-MDD<br><br>**ORDER DENYING MOTION FOR STAY AND ABEYANCE [Doc. No. 14] AND DISMISSING PETITION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE REMEDIES** |

Pending before the Court is Petitioner's motion for stay and abeyance. [Doc. No. 14.] For the reasons set forth below, the motion is **DENIED** and the Petition is **DISMISSED WITHOUT PREJUDICE**.

PROCEDURAL BACKGROUND

On August 8, 2022, this Court issued an order granting Petitioner's application to proceed *in forma pauperis* and notifying Petitioner regarding the possible dismissal of his petition for failure to exhaust state court remedies (hereinafter "the Notice"). [Doc. No. 3.] The Notice ordered Petitioner to choose one of four options to avoid dismissal of his

1

petition. *Id.* On September 15, 2022, Petitioner filed a response to the Notice. [Doc. No. 4.] However, the response failed to advise the Court which option Petitioner chooses. On September 19, 2022, this Court issued an order giving Petitioner until November 10, 2022, to choose one of the four options and file the appropriate pleading. [Doc. No. 5.]

On September 28, 2022, Petitioner filed a second response to the Notice, and stated that he chooses Option 1. [Doc. No. 6 at 2, ll. 17-18.] Thus, Petitioner represented (without further evidence) that he has in fact exhausted the claims the Court has determined are likely unexhausted. On November 2, 2022, Respondent filed a reply arguing, with evidentiary support, that Petitioner has not exhausted any of his claims with the California Supreme Court. [Doc. Nos. 9 and 10.]

Given the reply filed by Respondent, the Court issued an order requiring Respondent to file a motion to dismiss and issued a briefing schedule. [Doc. No. 11.] On November 17, 2022, Respondent filed a motion to dismiss and lodged the state court record. [Doc. Nos. 12 and 13.] On December 21, 2022, Petitioner filed a motion for stay and abeyance and request for appointment of counsel. [Doc. No. 14.] Petitioner also filed a request for discovery. [Doc. No. 15.]

In the Notice sent to Petitioner on August 8, 2022 [Doc. No. 3], Petitioner was asked to choose one of four options to avoid dismissal of his Petition due to what appeared to be his failure to exhaust all of his claims. *Id.* While his first response to the Notice failed to advise the Court as to which option he was choosing, in his second response Petitioner stated that he chooses Option 1, meaning that he had exhausted all of his state remedies. [Doc. No. 6.] However, in reply to the second response, and later in a motion to dismiss, Respondents provided evidence that Petitioner has not exhausted any of his claims. [Doc. Nos. 9, 10 and 12.]

Rather than oppose the motion to dismiss, Petitioner filed a motion for stay and abeyance ("motion for stay"). In the motion for stay, Petitioner appears to concede that he has not fully exhausted any of his claims and states that he needs time to "fully exhaust claims and so forth." [Doc. No. 14 at 2.]

2

One of the options in the initial Notice to Petitioner was the "Fourth Option: File a Motion to Stay the Federal Proceedings." [Doc. No. 3 at 4.] On January 24, 2023, the Court deemed the motion for stay to be a request to vacate Petitioner's previous request to proceed via Option 1 and, instead, to proceed via Option 4. [Doc. No. 16.] On March 10, 2023, Respondent filed an opposition to the motion for stay and abeyance. [Doc. No. 23.] On March 27, 2023, Petitioner filed a reply. [Doc. No. 28.][1]

## DISCUSSION

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must be the same as that raised in the state proceedings. *See id*.

A "mixed" petition contains exhausted and unexhausted claims. Generally, applications for writs of habeas corpus that contain one or more unexhausted claims must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court recognized that prisoners whose "mixed" petitions were dismissed under AEDPA's total exhaustion requirement risked having their federal claims barred by AEDPA's one-year limitations period, when they sought relief in a later filed, fully exhausted petition. *Id*. at 275. To address this problem, the Supreme Court authorized district courts to stay a case and hold it in abeyance pending exhaustion in

---

[1] Petitioner's request for counsel [Doc. No. 28] contained within the reply is **DENIED AS MOOT**.

state court of the petitioner's unexhausted claims. *Id*. at 275-77. However, "stay and abeyance is only appropriate when the district court determines there is good cause for petitioner's failure to exhaust his claims first in state court." *Id*. at 277. In addition to showing good cause, the unexhausted claims must be potentially meritorious, and there must not be any indication that "the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. In *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016), the Ninth Circuit held the *Rhines* stay and abeyance procedures apply to petitions that raise only unexhausted claims. *Id*. at 908, 910, 912.

Here, Petitioner has not met the requirements for the issuance of a *Rhines* stay. First, Petitioner does not show good cause. He states that he has an upcoming state court hearing on the sentencing and restitution "aspects" of his case [Doc. 14 at 1], but he does not discuss any concrete attempts to exhaust his claims in state court.

Second, Petitioner fails to show his claims potentially are meritorious. Although he contends in Grounds 1, 2, and 4 that his convictions were based on perjured testimony, Petitioner fails to identify what testimony allegedly was false and why. [Doc. 1 at 6-7, 9.] In both the trial court and on direct appeal, the parties litigated the issue of whether the uncharged prior act evidence was sexually related. [See Doc. 1-3 at 7-12, 14-16, 21-34; Doc. No. 10-1, LD-1 (Appendix A) at 6-10, 11.] Given that the California state courts found the trial court properly admitted the evidence [Doc. No. 10-1, LD-1 (Petition for Review) at 7-19, (Appendix A - Opinion) at 6-10; Doc. No. 13-1, LD-2 (order denying review)], Petitioner fails to show his prosecutorial misconduct and ineffective assistance of counsel claims based on the introduction of such evidence (Grounds 2 and 3; Doc. 1 at 7-8) are potentially meritorious. Further, to the extent Petitioner contends trial counsel provided ineffective assistance by failing to file a motion for new trial or by failing to file his pro per motion for new trial (Ground 3; Doc. 1 at 8), appendices attached the present Petition indicate both motions were filed and considered by the trial court. [Doc. 1-4 at 25-43; Doc. 1-5 at 2.] Therefore, Petitioner fails to show his claims potentially are meritorious.

Third, Petitioner fails to show he has been diligently pursuing his state court remedies. It was not until May 23, 2022, some two years and nine months after Petitioner agreed not to pursue an administrative appeal regarding his lost property, that Petitioner sought help from prison officials in obtaining court records. [Doc. 1-6 at 6, 11-12, 14.] In addition, the appendices filed in support of his present Petition show Petitioner has known the factual basis for his claims for over six years. In his pro per new trial motion prepared for his September 8, 2016 sentencing hearing, Petitioner raised claims similar to those in the present Petition, including insufficiency of the evidence, prosecutorial misconduct, and ineffective assistance of counsel claims. [Compare Doc. 1 at 6-9 with Doc. 1-4 at 32-43.] These similarities indicate the loss of any legal materials was not the proximate cause of Sanchez's failure to exhaust; his lack of diligence was.

Finally, the California state appellate court's website shows Petitioner has yet to file a habeas petition in the California Supreme Court to exhaust his claims, despite this Court's repeated notifications that he needed to do so, beginning in August 2022. [See Docs. 3, 5, 16; see also https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0.] In sum, Petitioner fails to meet the requirements for a *Rhines* stay.

## CONCLUSION

For the reasons set forth above, the motion for stay and abeyance is **DENIED**.[2] Given that all of the claims remain unexhausted, pursuant to 28 U.S.C. §2254(b)(1)(A), the Petition is **DISMISSED WITHOUT PREJUDICE.**

Dated: April 18, 2023

Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] This Court declines to reach the question of whether the Petition is barred by the statute of limitations.